Dissenting Opinion by
Hoffman, J.:
This is an appeal from appellant’s convictions for possession and sale of dangerous drugs, and the possession and sale of obscene literature. Appellant contends that the lower court erred in failing to grant her motion for a new trial, and she raises five alleged errors in this appeal. I believe that one of appellant’s specifications of error has merit, and I would therefore reverse the judgment of sentence and grant appellant a new trial.
Appellant contends that the Commonwealth did not prove that the allegedly obscene material “is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters.” Duggan v. Guild Theatre, Inc., 436 Pa. 191, 258 A. 2d 858 (1969). In accordance with Duggan the trial judge charged the jury that they would be able to find appellant guilty of possessing and selling obscene literature only if “three concurring *492 things” were established: (a) “the dominant theme of the material taken as a whole appeals to the prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters, and (e) the material is utterly without redeeming social value.”
In the lower court’s opinion the trial judge states that he viewed the allegedly obscene magazines and motion pictures and that “there could not possibly be anything contained in these moving pictures other than . . . that the material was patently offensive because it affronted the contemporary community standards relating to the description or representation of sexual matters . . . .” The trial judge noted in his opinion that “the question of whether the material affronts contemporary standards or whether the material is without redeeming social value did not require expert testimony in this case.”
In Duggan v. Guild Theatre, Inc., supra at 201, our Supreme Court considered the precise question presented in the instant case and held that the Commonwealth must produce evidence in an obscenity prosecution as to what contemporary community standards are: “nor has the district attorney proved that this movie ‘affronts contemporary community standards’ relating to the representation of sexual matters. Each one of his witnesses called to testify as to contemporary community standards admitted that they had no idea what these standards were. The district attorney in his brief admits that he produced no expert testimony on this issue, yet urges us to find that the movie affronts contemporary standards. This we cannot do. Courts of law are not capable of deciding what contemporary standards are, loithout the benefit of any evidence whatsoever [footnote omitted].” (Emphasis added.) See al *493 so Commonwealth v. LaLonde, 447 Pa. 364, 288 A. 2d 782 (1972).
It is apparent, therefore, that appellant’s conviction for the possession and sale of obscene literature cannot be sustained. I would remand this case for a new trial on the charge of possession and sale of obscene literature and for resentencing on the charge of possession and sale of dangerous drugs.
Spaulding and Packel, JJ., join in this dissenting opinion.